**STEVEN ALLEN, Appellant/Plaintiff**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Defendant**

S. Ct. Criminal No. 2012-0069

Supreme Court of the Virgin Islands

September 12, 2013

Kᴇʟᴇ C. Oɴʏᴇᴊᴇᴋᴡᴇ, Esǫ., Territorial Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(September 12, 2013)

SWAN, *Associate Justice.* After a bench trial, Appellant, Steven Allen ("Allen"), was found guilty of count 1, Interfering With An Officer Discharging His Duty, in violation of 14 V.I.C. § 1508 and count 2, Operating An Unregistered Vehicle, in violation of 20 V.I.C. § 331(1). For the first time on appeal, Allen asserts that his conviction under 14 V.I.C. § 1508 is unconstitutional because it violates his Fourteenth Amendment due process rights and his right to liberty afforded under Section 3 of the Revised Organic Act.[1] He further asserts that there was insufficient evidence to convict him on count 1. For the reasons explicated below, we affirm both convictions.

## I. FACTS AND PROCEDURAL HISTORY

On April 3, 2012, at approximately 4:30 am, Allen was operating his motor vehicle in the Gottlieb Gas Station parking lot in Estate Contant on St. Thomas when he was stopped by Officer Jose Mendez of the Virgin Islands Police Department. Approximately one month earlier, Officer Mendez had stopped Allen because Allen failed to display a registration sticker on the front windshield of his vehicle as mandated by local statute. The first traffic stop resulted in a citation for driving an unregistered vehicle.

Officer Mendez instructed Allen to produce documentation for his vehicle's insurance and registration. Although there is conflicting testimony regarding the length of time that elapsed before Allen produced the documents, there is no conflict in the testimony that Allen's vehicle was unregistered and had continued to be unregistered since the last time Allen was stopped by Officer Mendez. Mendez then contacted the Virgin

---

[1] *See* Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1).

Islands Police Department's central command to verify that the vehicle was unregistered. When he received confirmation, Officer Mendez promptly issued two traffic citations to Allen and proceeded to contact a towing company to remove the vehicle from the gas station premises in accordance with Virgin Islands law. After the tow truck arrived on the scene and before it removed Allen's vehicle, Allen entered his vehicle and locked its doors. Allen testified that he was securing private documents, making arrangements to obtain money to pay the cost of having his vehicle released from impoundment, and securing his vehicle by rolling up its windows. Importantly, Allen was explicitly informed by police officers that he could not remain in his vehicle while it was being towed. Officer Mendez also testified that Allen was aware that occupying the vehicle while it was being towed would impede the tow operator from removing the vehicle. When Allen eventually exited his vehicle, he was arrested.

The Superior Court found that Officer Mendez discharged his lawful duty in having the unregistered vehicle towed from the gas station, and when Allen entered the vehicle and remained in the vehicle after being instructed to exit, he was interfering with an officer discharging his duties. Allen was convicted on both counts and fined a total of $425 for both offenses and sentenced to ten days in jail with nine days suspended. Allen received credit for the one night he had already spent incarcerated.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code states that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A final order is a judgment from a court which ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012); *Alfred v. People*, 56 V.I. 286, 289 (V.I. 2012); *see also In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (citing *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)). We have long held that in a criminal case, a written judgment embodying the adjudication of guilt and the sentence imposed based on that adjudication constitutes a final judgment for purposes of 4 V.I.C. § 32(a). *Jackson-Flavius v. People*, 57 V.I. 716, 721 (V.I. 2012). The Superior Court entered such a judgment in this case on July 13, 2012; therefore, we have jurisdiction to hear this appeal.

## III. STANDARD OF REVIEW

The standard of review for this Court's examination of the trial court's application of law is plenary and its findings of facts are reviewed for clear error. *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 371 (V.I. 2011); *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010); *Pell v. E.I. Dupont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008). This Court will consider the Appellant's constitutional challenges under the plenary standard. *Carty v. People*, 56 V.I. 345, 354 (V.I. 2012); *Estate of Ludington v. Jaber*, 54 V.I. 678, 681 (V.I. 2011). When the Court is presented with a challenge to the sufficiency of the evidence, we will " 'examine the totality of the evidence, both direct and circumstantial,' and 'interpret the evidence in the light most favorable to the government as the verdict winner.' " *United States v. Pavulak*, 700 F.3d 651, 668 (3d Cir. 2012) (quoting *United States v. Miller*, 527 F.3d 54, 60, 62 (3d Cir. 2008)) (citations and internal quotation marks omitted). A defendant seeking to overturn his conviction on the basis of the sufficiency of the evidence "bears a very heavy burden." *Castor v. People*, 57 V.I. 482, 488 (V.I. 2012) (quoting *Latalladi v. People*, 51 V.I. 137, 145 (V.I. 2009) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Whether Title 14 section 1508 is constitutional as it relates to the due process rights afforded by the Fourteenth Amendment

■ Appellant argues that his due process rights under the Fourteenth Amendment were violated by his conviction under section 1508 because the statute's vague language allows an officer to arrest a citizen when the officer is pursuing non-legal duties. (Appellant's Br. 11.) Allen appears to be arguing that the statute is vague. A statute "violates due process of law if it 'either forbids or requires the doing of an act in terms so vague that men of ordinary intelligence must necessarily guess as to its meaning and differ as to its application.' " *United States v. Gibbs*, 656 F.3d 180, 188 (3d Cir. 2011) *cert. denied*, 132 S. Ct. 1125 (2012) (citations omitted). *Accord LeBlanc v. People*, 56 V.I. 536, 540 (V.I. 2012) (collecting cases). *See also United States v. Williams*, 553 U.S. 285, 304, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008). Outside the context of the First Amendment, statutes challenged as vague must be "examined in the light of the facts of the case at hand." *United States v Moyer*, 674 F.3d 192, 211 (3d Cir.

2012) (citing *United States v. Mazurie*, 419 U.S. 544, 550, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975). Thus to rise to the level of a constitutional violation, the statute must be vague as applied to Allen's specific case. *See United States v. Maurer*, 639 F.3d 72, 78 n.4 (3d Cir. 2011) (citing *Mazurie*, 419 U.S. at 550).

■ Allen has presented us with a hypothetical case of circumstances that would have been presented if Officer Mendez was acting outside the scope of his authority when he intercepted Allen at the gas station — but that scenario is incongruent with the facts of this case. The trial court found that Officer Mendez was discharging his official duties at the time he was interacting with Allen. (J.A. at 61-62). The trial court found upon ample evidence that Officer Mendez made a lawful stop of Allen's vehicle because the required registration sticker was visibly absent from its windshield. Allen also represented to the Court that he was a police officer for many years, which seems to be implying that he knew the duties of Officer Mendez's job as well as the parameters of section 1508. (Appellant's Br. 14.) Significantly, Allen's knowledge of section 1508 acquired from being a former police officer confirms that Allen was aware of the statute and knew the guidelines for its enforcement. Here, section 1508 is not vague because Allen had notice as to what conduct constituted a violation of the statute. *Williams*, 553 U.S. at 304. Moreover, Allen had a clear and concise understanding of what constitutes a violation of the statute which he acquired from his "hard work as a Virgin Islands police officer." (Appellant's Br. 14.) Accordingly, Allen's challenge to this statute on vagueness grounds is dubious.

Because of a lack of clarity and scant amount of attention offered this argument by Allen, this assertion could be read as a challenge to the right of Officer Mendez to have Allen's vehicle towed from the Gottlieb Gas Station parking lot. We address this potential challenge by reviewing the validity of the tickets issued and the authority of police officers while they are discharging their duties.

■ A review of the trial record discloses that there was never any dispute that Allen's vehicle was unregistered. The failure to register his vehicle and display the registration sticker on the car's front windshield is a violation of 20 V.I.C. §§ 331 and 334. Although there is no statue within the Code that specifically authorizes an officer to have a vehicle towed for failure to register it, that is a well-established authority of police officers in the execution of their duties. The Supreme Court of the United

States in *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S. Ct. 2523, 37 L. Ed. 2d 706 (1973), coined the phrase, "community caretaking" in regards to the duties that police officers must execute that are not enumerated by statute. The Supreme Court went further in *South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976), and applied the concept of community caretaker functions to the removal of cars, stating: "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *Id.* The Third Circuit has likewise stated that, "[t]he community caretaking exception recognizes that the police perform a multitude of community functions apart from investigating crime." *United States v. Smith*, 522 F.3d 305, 313 (3d Cir. 2008) (quoting *United States v. Coccia*, 446 F.3d 233, 238 (1st Cir. 2006).

■ On this record, the Superior Court correctly found that Officer Mendez was discharging his duties as an officer with the Virgin Islands Police Department when he ticketed Allen for failing to have his car registered. Further, Officer Mendez was executing a community caretaking function by having Allen's car towed after it was found to be in violation of Virgin Islands' law. An unregistered vehicle gives the motoring public no assurances that it is fit to traverse the public roads and makes it a danger to the greater community. The towing of Allen's vehicle was well within Officer Mendez's authority.

## B. Whether Title 14 section 1508 is in violation of section 3 of the Revised Organic Act

Allen challenges section 1508 as a violation of section 3 of the Revised Organic Act "because he was engaged in lawful protest against police misconduct." (Appellant's Br. 12.) However, Allen provides no legal basis for this assertion. Further Allen presents this undelineated idea of "lawful protest," for the first time on appeal. There is no support for this assertion in the record. This is, moreover, a violation of Supreme Court Rule 22, which states in pertinent part, "All assertions of fact in briefs shall be supported by a specific reference to the record." V.I.S.CT.R. 22(d). Allen has failed to reference in the trial record where he endeavored to offer a "lawful protest."

■■ At trial, Allen repeatedly stated on direct and cross-examination that he was in his vehicle to secure private documents, to contact someone to assist him with the money needed to pay the towing company, to roll

up the vehicle's windows, and to determine the location to which his vehicle was being towed. (J.A. 33-37, 39.) In six pages of testimony, Allen never stated, explicitly or implicitly, that he was engaging in lawful protest against police misconduct when he ignored Mendez's lawful order. Importantly, unlawful conduct cannot constitute a "lawful protest." If a court were to adopt this rationale of a "lawful protest," no violation of our statutory laws could be successfully prosecuted. Accordingly, Allen's argument of a "lawful protest" is meritless.

## C. Whether the evidence presented was sufficient to find Allen guilty on both counts one and two

Allen argues that the evidence was insufficient to convict him on both counts because the Court failed to find that Officer Mendez was delayed by Allen's conduct. (Appellant's Br. 12.) Allen later contradicts his original statement by quoting the trial court's finding of fact expressly concluding that Mendez was delayed as a result of Allen's conduct. The judge said, "I conclude that it was *not solely* Officer Mendez that was frustrated as a result of Mr. Allen's conduct." (Appellant's Br. 12.) (emphasis added).

Allen then asserts that the evidence was insufficient to convict him because the trial court did not address the issue of his impeding and obstructing the tow truck operator. Allen quotes the trial court when it stated that Allen was delaying all the officers on the scene by essentially putting himself inside his vehicle knowing that the vehicle could not be towed. (Appellant's Br. 12.) This Court notes that Allen presents no case law to support or buttress his assertions. Instead Allen perfunctorily offers a critique of the trial court's finding of fact and the testimony of the People's main witness.

■ We have previously stated that on appeal, we neither judge the credibility of a witness nor weigh the evidence. *Smith v. People*, 51 V.I. 396, 401 (V.I. 2009) (citing *United States v. Carr*, 25 F.3d 1194, 1201 (3d Cir. 1994)). Further, we will apply "a particularly deferential standard of review." *Id.* at 397 (quoting *United States v. Kellogg*, 510 F.3d 188, 202 (3d Cir. 2007)). Additionally, we "examine the totality of the evidence, both direct and circumstantial, and 'interpret the evidence in the light most favorable to the government as the verdict winner.' " *Pavulak*, 700 F.3d at 668 (quoting *Miller*, 527 F.3d at 60, 62) (citations and internal quotation marks omitted).

■■ In this case, the trier of fact heard witnesses for both parties, as they were examined on direct, cross, and rebuttal examination. After evaluating the evidence the trial court found that the People met their burden of proof. By Allen's admission, he deliberately refused to comply with Officer Mendez's directive and the other police officers' instructions on the scene. Allen testified that, "I said I'm going to stay in my car to find out where you're taking it. When I reach there I have a follow up car, a family member to bring you cash to regain my vehicle. *That's the problem, I remained in my vehicle*. When I got out the car I was arrested. I complied with everything the officer asked for *up to the point I wanted to secure my vehicle and the things that are in it*." (J.A. 35 (emphasis added).) Allen presents this Court with no cogent reason to reverse the judgment of the Superior Court.[2]

## V. CONCLUSION

Allen has failed to persuade us that his due process rights or his rights under the Revised Organic Act were violated. He failed to illustrate to this Court why the evidence presented was not sufficient for a reasonable trier of fact to find him guilty beyond a reasonable doubt. For these reasons, we affirm Allen's conviction on count 1, Interfering With An Officer Discharging His Duty, in violation of 14 V.I.C. § 1508 and count 2, Operating An Unregistered Vehicle, in violation of 20 V.I.C. § 331(1).

---

[2] In his brief, Allen argues that this Court should reverse his conviction for operating an unregistered vehicle because he is being "treated badly" and should not be because of "his hardwork [sic] as a Virgin Islands police officer." (Appellant's Br. 13-14.) Although Allen has waived this argument by failing to adequately present it to either this Court or the Superior Court, *see* V.I.S. CT.R. 4(h), 22(m), we are compelled to note this argument is meritless. There is no question that those sworn to uphold and enforce the law are not excepted from its application simply because they have been entrusted at some point with a law enforcement duty.