

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2008

# In Re: Mac Truong

Precedential or Non-Precedential: Precedential

Docket No. 06-3980

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Mac Truong " (2008). *2008 Decisions.* Paper 1650.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1650

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3980

———————

IN RE: MAC TRUONG;
MARYSE MAC-TRUONG,
                              Appellants

STEVEN P. KARTZMAN,
                              Trustee

————————————

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 06-cv-3179
(Honorable Susan D. Wigenton)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2007
Before: SCIRICA, Chief Judge,
HARDIMAN and ALDISERT, Circuit Judges.

(Filed: January 16, 2008)

Mac Truong
Maryse Mac-Truong
      Appellants, Pro Se

Bruce S. Etterman, Esquire
Hellring, Lindeman, Goldstein & Siegal
One Gateway Center, 8th Floor
Newark, New Jersey 07102
      Attorney for Appellee,
      Steven P. Kartzman, Trustee

---

OPINION OF THE COURT

---

PER CURIAM.

The threshold question in this bankruptcy appeal is whether the bankruptcy court order appealed from was a final order under 28 U.S.C. § 158. For the reasons set forth below, we conclude that it was not and we will accordingly dismiss the appeal for lack of appellate jurisdiction.

I.

We recount the facts only to the degree necessary to resolve the question of our jurisdiction. Appellants, Mac Troung and Maryse Mac-Troung, filed for Chapter 7 bankruptcy

2

in September 2003 in the United States Bankruptcy Court for the District of New Jersey. Appellee, Steven P. Kartzman, was designated as the Chapter 7 trustee charged with liquidating the assets of the Troungs' bankruptcy estate. On May 12, 2006, the bankruptcy court issued an order denying appellants' motion for a hearing to determine whether there was cause for the removal of Kartzman as trustee, under 11 U.S.C. § 324(a), due to a conflict of interest between him and the assets of the bankruptcy estate. The district court dismissed the appeal because appellants had not filed a designation of items to be included in the record and a statement of issues to be presented in the appeal as required, under Federal Rule of Bankruptcy Procedure 8006, within ten days of filing the notice of appeal.[1] See Fed. R. Bankr. P. 8001(a).[2] Appellants filed a timely motion for reconsideration, which was similarly denied by the district court on August 11, 2006. Appellants subsequently filed a timely notice of appeal to this court. The Clerk issued a briefing schedule, instructing the parties to address, inter alia, whether

---

[1]Under Bankruptcy Rule 8006, "[w]ithin 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."

[2]Under Bankruptcy Rule 8001(a), the district court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules.

3

the bankruptcy court order constituted a final order so as to confer jurisdiction on the district court and this court.

## II.

Although the parties assert that we have jurisdiction over this case, we have an obligation to satisfy ourselves of our own jurisdiction. See Metro Transp. Co. v. N. Star Reinsurance Co., 912 F.2d 672, 675-76 (3d Cir. 1990); see also In re Jeannette Corp., 832 F.2d 43, 45 (3d Cir. 1987).

The appealability of orders issued by bankruptcy judges is governed by 28 U.S.C. § 158. Section 158(a) authorizes district courts to hear appeals from "final judgments, orders, and decrees, and, with leave of the [district] court, from interlocutory orders and decrees, of bankruptcy judges." Section 158(d)(1) provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection[] (a)." But "the language of § 158(d) does not permit this court to review the district court's disposition of an appeal from a purely interlocutory order of the bankruptcy judge. Unless the order submitted to the district court is final, section 158(d) will not allow an appeal to this court." In re Jeannette Corp., 832 F.2d at 45 (citing In re Comer, 716 F.2d 168, 172 (3d Cir. 1983)); see also S'holders v. Sound Radio, Inc., 109 F.3d 873, 880 (3d Cir. 1997) (citing 28 U.S.C. § 158(a) & (d)).

III.

A.

To determine whether we have appellate jurisdiction over a district court's order in a bankruptcy proceeding, our approach has been to first examine whether the underlying bankruptcy court order is final. If it is, we then examine whether the district court's order is final or appealable. See, e.g., In re Prof'l Ins. Mgmt., 285 F.3d 268, 282 (3d Cir. 2002); In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir. 1988). Considerations unique to bankruptcy appeals have led us to construe the factor of finality broadly in the bankruptcy context. See, e.g., Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV, 229 F.3d 245, 250 (3d Cir. 2000) (noting that we traditionally impose a "relaxed standard" of finality because of unique considerations in bankruptcy cases). "We interpret finality pragmatically in bankruptcy cases because these proceedings often are protracted and involve numerous parties with different claims." In re Natale, 295 F.3d 375, 378 (3d Cir. 2002). But "[d]espite th[e] relaxed view of finality in the bankruptcy setting as a whole, the general antipathy toward piecemeal appeals still prevails in individual adversary actions." Id. at 378-79. In this respect, an order in an individual adversary proceeding is not final unless it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Bethel v. McAllister Bros., Inc., 81 F.3d 376, 381 (3d Cir. 1996) (internal quotation and citation omitted). Thus, "even in bankruptcy appeals the concept of finality is not

open-ended. Orders that do not fully adjudicate a specific adversary proceeding or that require further factual development are governed by the ordinary finality precepts of routine civil litigation." United States v. Nicolet, Inc., 857 F.2d 202, 206-07 (3d Cir. 1988).

## B.

The bankruptcy court's order in this case was not final for the purpose of conferring jurisdiction on this court.[3] "[T]he language of § 158(d) does not permit this court to review the district court's disposition of an appeal from a purely interlocutory order of the bankruptcy judge." In re Jeannette Corp., 832 F.2d at 45. Here, the bankruptcy court's order merely denied appellants' request for a hearing concerning an

---

[3]In a previous case, we held that a district court order affirming, in part, a bankruptcy court's order *granting* a motion to remove a trustee and his counsel was a final order. See In re BH & P Inc., 949 F.2d 1300, 1307 (3d Cir. 1991). We note that in In re BH & P Inc.,we focused our discussion on the district court's order and did not specifically address the underlying issue of the finality of the bankruptcy court's order. See id. at 1320 n.3 (Hutchinson, J., concurring) ("Although neither this Court nor the district court examined the finality of the bankruptcy court's order removing the trustee and his counsel . . . this area of our jurisprudence may also warrant re-examination as to whether such orders are properly classified as final or interlocutory.").

alleged conflict of interest on the part of the trustee.[4] This order cannot plausibly be termed final as it was solely related to the conduct or progress of litigation before the bankruptcy court and did not dispose of any discrete claim or cause of action. Compare Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981) (determining, in the context of general civil litigation, that orders denying a motion for disqualification of an attorney are not subject to appeal prior to resolution of the merits of the dispute) and Matter of Devlieg, Inc., 56 F.3d 32, 33 (7th Cir. 1995) (deciding against the finality, and thus against the appealability, of a bankruptcy court order denying disqualification of a law firm based on lack of disinterestedness under 11 U.S.C. § 327(e)) with In re Comer, 716 F.2d at 172 (holding that bankruptcy court's order lifting automatic stay "is final in the sense that it completes litigation on the question and subjects the property to a foreclosure action in state court").

IV.

Though flexibility is a hallmark of the concept of finality in the bankruptcy context, appellants cannot be permitted to appeal in a manner which results in numerous appeals of the same issue and specifically runs the risk of engendering

---

[4]In fact, more than a year later, on May 24, 2007, in response to a subsequent motion put forth by appellants to schedule a motion hearing to disqualify the trustee, the bankruptcy court issued a more detailed letter opinion, but no order, on the issue of removal of the trustee.

7

inconsistent decisions in this court.[5] <u>See</u> <u>Jeannette</u>, 832 F.2d at 46 (noting that the inefficient use of judicial resources is as objectionable in bankruptcy appeals as in other fields). Since the bankruptcy court's order was not final, this appeal will be dismissed for lack of jurisdiction under § 158(d). Appellants' motion for an order scheduling a hearing to remove appellee from this appellate proceeding, and its numerous supplements, is denied as moot.

---

[5]With regard to the piecemeal appeal problem, appellants' bankruptcy is still pending disposition and they currently have at least two other appeals pending before this court. <u>See</u> C.A. Nos. 07-3238, 3239. These appeals are the result of their further appeals of bankruptcy court decisions which, in turn, have resulted in separate district court proceedings from the one at issue here. <u>See</u> D.N.J. Civ. No. 06-cv-05511. In fact, one of these appeals concerns a memorandum opinion issued by Chief Judge Garrett E. Brown explicitly denying appellants' motion for a hearing for the purpose of removing the trustee before the district court. Noting the procedural infirmity of raising such a motion in the district court, Chief Judge Brown declared that as a matter of law "there is no basis . . . that allows [the district court] to utilize a bankruptcy statute to facilitate a removal of a trustee in an appeal."