**HECTOR MERCADO, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2012-0067

Supreme Court of the Virgin Islands

December 3, 2013

YOHANA M. MANNING, ESQ., Manning Legal Services, St. Croix, USVI, *Attorney for Appellant.*

PAUL J. PAQUIN, ESQ., Deputy Solicitor General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(December 3, 2013)

SWAN, *Associate Justice.* Appellant, Hector Mercado, was charged in a three count Information. He was found guilty by a jury of only two counts, first degree robbery and grand larceny, after the trial court dismissed the third count of unauthorized use of a firearm during the commission of a crime of violence. This appeal ensued. For the reason explicated below, we affirm the decision of the Superior Court and remand for the limited purpose of resentencing.

## I. FACTS AND PROCEDURAL HISTORY

On September 6, 2010, at approximately 7:30 in the morning, Phillip Johnson was walking in the area of the restaurant formerly known as

Zebo's, in downtown Christiansted. (J.A. 105, 107.) As he was walking, a dark colored SUV, with two occupants, traveling in the opposite direction passed him and then stopped. (*Id.*) The passenger exited the SUV and approached Johnson. He instantaneously placed a gun at Johnson's temple. (J.A. 106.) In a "heavy Hispanic accent," the passenger demanded that Johnson give him all his possessions and threatened to kill Johnson if he failed to comply with his orders. (*Id.*) Johnson obeyed by giving him the contents of both his pockets which included approximately $240, a cellphone, cigarettes, and a lighter. (J.A. 108.) A gold chain with a cross was also snatched from Johnson's neck by his assailant. (J.A. 109.) Johnson relinquished his keys to his assailant, but they were immediately returned when Johnson begged for them. (*Id.*)

After the incident, which took "a minute or two tops," Johnson continued on to Rum Runners Restaurant, where he was employed at the time. (*Id.*) He immediately called 911 but there was no answer, so he called the Basin Triangle police station directly. (*Id.*) Officers Lionel Benjamin and Melford Murray responded to the call by proceeding to the Rum Runners Restaurant. After making contact with Johnson, Officer Benjamin described Johnson as being "very frantic, [and] scared." (J.A. 226.) Officers Benjamin and Murray "calmed him down several times to get the necessary information." (*Id.*) Johnson described his assailant as being five feet eight inches to five feet ten inches tall, thin with braids, and light-skinned Hispanic. Johnson further specifically described his assailant as having "a big face." (J.A. 110.) On September 22, 2010, after a brief departure and his return to the island, Johnson met with Detective Leon Cruz. (J.A. 252.) At that time, Johnson viewed a photo array comprised of Mercado's picture and the picture of five other similar-looking individuals, and without hesitation, identified Mercado as his assailant. (J.A. 256.) Mercado was arrested on October 14, 2010.

The Information charged Mercado as follows: Count I, first degree robbery in violation of 14 V.I.C. § 1862(2); Count II, unauthorized use of a firearm during the commission of a crime of violence in violation of 14 V.I.C. § 2253(a); and Count III, grand larceny in violation of 14 V.I.C. § 1083(2). A jury trial commenced on March 26, 2012. After the People presented three witnesses, including Johnson, the People rested its case. Mercado then motioned the trial court for a Judgment of Acquittal under Federal Rule of Criminal Procedure 29. The trial court granted the motion only as to Count II and denied the motion as to the remaining counts.

After a short deliberation, the jury returned guilty verdicts on the remaining counts. Mercado was sentenced on July 5, 2012, to 12 years of incarceration for Count I and 10 years of incarceration for Count II, all of which are to be served concurrently.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code states that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A final order ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012) (citing *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008); *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)). It is well established that, in a criminal case, a written order or judgment embodying the adjudication is a final judgment from which an appeal lies under 4 V.I.C. § 32(a). *Williams v. People*, 58 V.I. 341, 345 (V.I. 2013) (explaining that this principle has been stated "in virtually every criminal case that has come before [the Court] on appeal"). The Superior Court entered its Judgment and Commitment on July 12, 2012 and Mercado timely filed his Notice of Appeal on July 20, 2012. Therefore, we have jurisdiction over Mercado's appeal.

## III. STANDARD OF REVIEW

The standard of review for this Court's examination of the trial court's application of law is plenary and its findings of facts are reviewed for clear error. *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 371 (V.I. 2011); *Blyden v. People*, 53 V.I. 637, 646-47 (V.I. 2010); *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008). When the Court is presented with a challenge to the sufficiency of the evidence, we will " 'examine the totality of the evidence, both direct and circumstantial,' and 'interpret the evidence in the light most favorable to the government as the verdict winner.' " *United States v. Pavulak*, 700 F.3d 651, 668 (3d Cir. 2012) (quoting *United States v. Starnes*, 583 F.3d 196, 206, 52 V.I. 1051 (3d Cir. 2008)). A defendant seeking to overturn his conviction on the basis of the sufficiency of the evidence "bears a very heavy burden." *Castor v. People*, 57 V.I. 482, 488 (V.I. 2012) (quoting *Latalladi v. People*, 51 V.I. 137, 145 (V.I. 2009) (internal quotation marks omitted)).

## IV. DISCUSSION

### A. The trial court did not err in denying Mercado's Rule 29 Motion regarding Counts I and III.

■ Mercado argues that the trial court erred in its failure to grant his Rule 29 Motion in regards to Counts I and III because the People's evidence was insufficient to sustain his convictions. "Under a Rule 29 Motion for Judgment of Acquittal, we must determine whether there is sufficient evidence to sustain a conviction." *Williams v. People*, 55 V.I. 721, 734 (V.I. 2011) (citing *United States v. Carbo*, 572 F.3d 112, 113 (3d Cir. 2009)). When we review evidence for its sufficiency, we neither judge the credibility of a witness nor weigh the evidence. *Smith v. People*, 51 V.I. 396, 401 (V.I. 2009) (citing *United States v. Carr*, 25 F.3d 1194, 1201 (3d Cir. 1994)). Further, we will apply "a particularly deferential standard of review." *Id.* at 397 (quoting *United States v. Kellogg*, 510 F.3d 188, 202 (3d Cir. 2007)).

■ Mercado focuses on Johnson's testimony as the crux of his claim. Mercado asserts that Johnson's testimony was "inherently incredible" because Mercado is shorter in height than Johnson and because Johnson did not mention Mercado's tattoos in his description of his assailant. (Appellant's Br. at 9.) Mercado does not identify any factors that would make it "incredible" for a jury to find Johnson's description unbelievable. Citing *Edwards v. Gov't of the V.I.*, 2004 U.S. Dist. LEXIS 25110, *11 (D.V.I. App. Div. Nov. 30, 2004) (unpublished), Mercado relies on a definition of "inherently incredible" as "either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ." This Court has previously addressed this issue. *Fontaine v. People*, 59 V.I. 640, 649 (V.I. 2013) ("[T]estimony generally should not be declared incredible as a matter of law unless it asserts facts that the witness physically could not have observed or events that could not have occurred under the laws of nature.") (quoting *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991); *Phillip v. People*, 58 V.I. 569, 584 (V.I. 2013) (holding that although there was no direct evidence identifying the defendant at the scene of the crime, there was other evidence sufficient for a jury to infer his participation); *Ostalaza v. People*, 58 V.I. 531, 546 (V.I. 2013) (holding that although a witness' testimony is undermined, the testimony is not rendered entirely unbelievable). Hence, Johnson's testimony is not inherently incredible.

■ The pivotal issue in this case is the reliability of Johnson's identification of Mercado after the robbery. In *Neil v. Biggers*, 409 U.S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972), the Supreme Court of the United States enunciated the five factors to be considered in determining whether an identification is reliable. They are 1) the witness' opportunity to view the culprit at the time of the crime, 2) the witness' degree of attention at the time of the crime, 3) the accuracy of the witness' description of the culprit prior to the identification, 4) the witness' level of certainty when identifying the defendant at the confrontation, and 5) the length of time between the crime and the confrontation. *Id.* at 199.

■ First, Johnson had ample opportunity to view his assailant. The robbery occurred at approximately 7:30 a.m., which is during daylight hours, on a public street. In regard to the lighting at the time of the robbery, Johnson testified, "It was perfect. Seven it's plenty light out." (J.A. 107.) Further, the robber's face was not concealed with a mask or similar paraphernalia. (J.A. 106.) Therefore, Johnson had an unobstructed view of the robber's extraordinary large face. The robber was in extreme proximity to Johnson while he was holding a gun to Johnson's head or temple affording Johnson the opportunity to take note of his assailant's face.

Second, Johnson's degree of attention to the robber is unquestionable. The were no other activities occurring simultaneously with the robbery that could have diverted Johnson's attention from his assailant holding a gun to Johnson's head and verbally threatening to kill him. There was no testimony that there were passing cars or other pedestrians at the crime scene during the robbery.

Third, Johnson's description of his assailant was accurate. He described him as a light-skinned Hispanic male with braided hair who was between five feet eight inches to five feet ten inches tall with a big face. (J.A. 110.) Mercado argues that Johnson's description was inaccurate because he failed to mention the tattoos on his arms. Although Johnson did not mention the tattoos, his description was "more than ordinarily thorough." *Biggers*, 409 U.S. at 200. Johnson was able to mention to police that the robber had a big face and remembered that attribute specifically when testifying at trial. His description of the robber was sufficient.

Fourth, the certainty of Johnson's identification of Mercado is irrefutable. During his interview with police, Johnson noted that his

assailant had a big face. Upon examining the photo array, Johnson, without any hesitancy, identified Mercado as his assailant. (J.A. 256.) Further buttressing Johnson's identification of Mercado is the testimony of Detective Cruz, who testified that, "[a]s soon as I showed him the photo array he actually touched the photograph and said that's him." (J.A. 256.) Johnson also testified at trial that he was one hundred percent sure of his identification. (J.A. 113.)

Fifth, the length of time between the crimes and Johnson's identification of Mercado is minimal. According to the testimony of Detective Cruz, he met with Johnson on September 22, for a second interview, which was conducted within 16 days after the robbery when Johnson returned from a brief trip off island. (J.A. 252.) A 16 day period is a reasonable time for a person to retain a clear memory of a traumatic personal event. *See Gov't of the V.I. v. Sanes*, 57 F.3d 338, 340-41, 32 V.I. 462 (3d Cir. 1995) (15 day lapse between the attack and the positive voice identification not extensive enough to disqualify identification); *United States v. Hill*, 967 F.2d 226, 233 (6th Cir. 1992) (identification of defendant valid although five years passed between robbery and in-court identification). The record indicates that Johnson was very upset at the time of the incident. (J.A. 226, 251.) Considering the totality of the circumstances in this case, there is no cogent reason to believe that Johnson's memory was inhibited or impaired when he made the identification of Mercado, his assailant.

Johnson's identification, when considered under all five *Biggers* factors, passes muster. His identification was reliable and not inherently incredible. The evidence would allow any rational jury to find that Mercado was guilty of the crimes charged.

### B. Sentencing in compliance with 14 V.I.C. § 104

Although we affirm the trial court's judgment, we remand for the limited purpose of resentencing pursuant to 14 V.I.C. § 104. *See, e.g.*, *Phillip*, 58 V.I. at 592 (explaining that, under 14 V.I.C. § 104, "if more than one conviction is based on a single act, the trial court must 'stay the imposition' of punishment for all but one of the convictions"); *Williams v. People*, 56 V.I. 821, 832, 834 n.9 (V.I. 2012) (observing that "convicting and punishing [a defendant] of multiple crimes arising from the same act constitutes plain error, despite the fact that [the] sentences . . . were ordered to be served concurrently," and concluding that "[s]ince a

defendant found guilty of multiple offenses arising from the same act cannot be convicted and punished separately for each offense, the proper procedure is to sentence the defendant for one offense and stay the imposition of any punishment for all the remaining offenses which arose out of the same act or indivisible course of conduct."). The trial court erred by sentencing Mercado separately for the convictions of first degree robbery and grand larceny because they arose out of the same act. Thus, this case should be remanded for this limited purpose.

## V. CONCLUSION

For the reasons discussed above, this Court affirms the Judgment and Commitment entered by the Superior Court on July 12, 2012. However, we remand for the limited purpose of resentencing on the grand larceny charge pursuant to 14 V.I.C. § 104.