**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3862
_____

In re:  ROMIE DAVID BISHOP; SHIRLEY ANN BISHOP,

Appellants

ROMIE DAVID BISHOP

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.; FANNIE MAE CMO,
INC.; JOHN DOE; FEDERAL NATIONAL MORTGAGE ASSOCIATION
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil No. 1-15-cv-00284)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2017

Before: RESTREPO, SCIRICA, and FISHER[1], Circuit Judges

(Opinion filed: February 3, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[1] Honorable D. Michael Fisher assumed senior status on February 1, 2017.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Romie Bishop, proceeding pro se, appeals an order of the United States District Court for the District of Delaware dismissing for failure to prosecute his appeal of a decision of the United States Bankruptcy Court for the District of Delaware. For the reasons that follow, we will affirm the judgment of the District Court.

In 2007, Romie and Shirley Bishop bought a home in Wilmington, Delaware. In 2009, CitiMortgage, Inc. filed a foreclosure action against them in Delaware state court. Thereafter, the Bishops filed a Chapter 13 bankruptcy petition in Bankruptcy Court. The automatic stay was lifted and, after a bench trial, the Delaware Superior Court entered judgment for CitiMortgage in 2013.

Romie Bishop filed a complaint in an adversary proceeding in Bankruptcy Court against Federal National Mortgage Association ("Fannie Mae") and related parties challenging assignments of his loan and claiming violations of the Truth-in-Lending Act, 15 U.S.C. § 1641. Bishop filed an amended complaint and the Bankruptcy Court granted Fannie Mae's motion to dismiss. On appeal, the District Court affirmed certain rulings, but remanded to allow Bishop to amend his complaint with respect to his Truth-in-Lending Act claims. The District Court also ruled that the Bankruptcy Court could not rely on the state court's foreclosure decision in deciding the motion to dismiss.[2] Bishop filed a second amended complaint on remand. The Bankruptcy Court held a bench trial and entered a judgment for Fannie Mae on March 2, 2015.

_____

[2]We dismissed Bishop's appeal of this order for lack of jurisdiction in C.A. No. 14-1942.

2

On appeal, the District Court adopted over Bishop's objections a Magistrate Judge's recommendation that the case be withdrawn from mandatory mediation. The District Court also denied Bishop's motion to correct the Bankruptcy Court docket and ordered that he file his brief by August 31, 2015. On August 28, 2015, Bishop moved to stay his appeal pending a response from the United States Attorney General to his alleged request to investigate the District Court. The District Court denied the motion. The District Court also denied as untimely a motion by Bishop to amend the designation of the Bankruptcy Court record.

Bishop moved for reconsideration. He stated that he would not file a brief in District Court and that he wished to preserve the record for an appeal to this Court. Bishop asserted that he did not believe that he would receive a fair hearing in light of the District Court's rulings. On September 9, 2015, the District Court denied the motion for reconsideration and afforded Bishop until September 18, 2015 to file a brief. The District Court warned Bishop that failure to do so would constitute a failure to prosecute and would be grounds for dismissal of his appeal.

On the day his brief was due, Bishop filed a "notice of exception" to the District Court's order and stated that it was his intent to preserve his right to appeal. Fannie Mae filed a motion to dismiss the appeal, to award costs, and to grant sanctions against Bishop. On October 27, 2015, the District Court dismissed the appeal for failure to prosecute. The District Court awarded Fannie Mae its costs and denied its request for sanctions. This appeal by Bishop followed.

3

We have jurisdiction pursuant to 28 U.S.C. § 158(d) and § 1291.[3] We review the District Court's order of dismissal for abuse of discretion. In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993).

The District Court dismissed Bishop's appeal for failure to prosecute based upon his refusal to file a brief and litigate the merits of the appeal. The District Court considered the factors applicable to a decision to dismiss a case for such a failure set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). As explained in its opinion, the District Court found that (1) Bishop is personally responsible for his actions; (2) Fannie Mae is prejudiced by his actions; (3) Bishop has a history of dilatoriness; (4) Bishop's conduct is willful and in bad faith with a goal to delay; (5) there are no effective alternative sanctions; and (6) Bishop has no meritorious claims.

Bishop does not dispute that he refused to file a brief in District Court nor does he address the District Court's application of the Poulis factors. Construed liberally, Bishop's brief primarily asserts that his appeal was improperly assigned to a District

---

[3]We have jurisdiction of appeals from final decisions of the district courts in bankruptcy cases provided that both the orders of the bankruptcy court and district court are final. In re Truong, 513 F.3d 91, 93 (3d Cir. 2008). The District Court's dismissal of Bishop's appeal is a final order. The Bankruptcy Court's order is also final as it resolved the claims brought by Bishop in his second amended complaint. See Aluminum Co. of America v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir. 1997).

Judge who has been assigned other appeals that he has filed, that the District Court discriminated against him based on his "lower class" and the fact that he was self-represented, and that he was denied mediation.

Bishop has not shown that his appeal was improperly assigned or that he was subject to discrimination in District Court. To the extent he claims bias, his remedy was to seek the recusal of the District Judge. The record reflects that Bishop asked the District Judge to withdraw from his case in his motion to reconsider the denial of a stay of his appeal. The District Court denied the request because he did not provide an affidavit or factual assertions that could provide a basis for recusal. Bishop also filed a motion to change venue seeking transfer of his case to the Middle District of Florida based on his disagreement with the District Court's rulings and his belief that he would not be treated fairly. The District Court found insufficient grounds for a transfer. We find no error in these rulings.

Bishop also has shown no error in the withdrawal of his case from the District Court's mediation program for bankruptcy appeals. In recommending that the matter be withdrawn, the Magistrate Judge stated that she had reviewed documents filed in the appeal and concluded that the issues presented were not amenable to mediation and that mediation would not be productive or a worthwhile use of judicial resources. The Magistrate Judge noted that her prior contact with Bishop related to his other appeals indicated that he was not interested in mediation.

5

Bishop objected to the recommendation, asserting that he had participated in successful mediation before and that the Magistrate Judge unfairly considered unrelated litigation. He also objected to the Magistrate Judge's involvement on the ground that one of Fannie Mae's lawyers was her former law clerk. The District Court ruled that the Magistrate Judge did not abuse her discretion, and stated that even if it were deciding the question de novo, it would decline to order mandatory mediation because it had seen little in Bishop's appeal suggesting that mediation would be productive. Although Bishop asserts in his present appeal that his rights were denied, he has not shown any basis to disturb the District Court's ruling.

Bishop also seeks review of the District Court's denial of his motions to correct the Bankruptcy Court record and amend the designation of the record on appeal. These motions are moot in light of Bishop's failure to prosecute his appeal in District Court. To the extent Bishop appeals the District Court's denial of his motion to strike Fannie Mae's motion to dismiss his appeal, he has not shown any error. To the extent Bishop seeks to appeal the orders of the Bankruptcy Court listed in his brief, including the order entering judgment for Fannie Mae, these orders are not before us for review. See In re Tampa Chain Co., Inc., 835 F.2d 54, 56 (2d Cir. 1987) (per curiam) (noting merits of bankruptcy appeal was not before court of appeals where district court dismissed appeal for failure to prosecute).

Fannie Mae requests in its brief that we sanction Bishop for his frivolous appeal. We recognize that Bishop has been warned about his frivolous filings, but we decline to impose sanctions at this time.

Accordingly, we will affirm the judgment of the District Court.[4]

---

[4]Bishop's August 9, 2016 motion to accept the attachments to his brief is granted to the extent he seeks to submit the attachments for the Court's review. Bishop's November 25, 2016 "request to reconsider" the November 18, 2016 order related to the removal of a motion for declaratory relief from the docket is granted to the extent he seeks to have his October 3, 2016 amended motion placed on the docket. The Clerk is directed to docket the amended motion, which is attached as Exhibit B to the November 25, 2016 filing. Bishop's remaining outstanding motions are denied.