**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1073
_____

In re: LAWRENCE E. FELDMAN f/d/b/a Lawrence E. Feldman & Associates,
Attorney at Law; ROBYN FELDMAN,
Debtors

AMERICAN ASSET FINANCE LLC,
Appellant

v.

LAWRENCE E. FELDMAN

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-05267)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 28, 2017

Before: AMBRO, VANASKIE, and RESTREPO, *Circuit Judges*.

(Filed: April 14, 2017)

_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

This appeal concerns an individual adversary action by a creditor against a debtor in a bankruptcy matter. The Bankruptcy Court granted summary judgment in favor of the creditor in the adversary action. The District Court, on review, vacated the Bankruptcy Court's decision and remanded the case for further proceedings. Because the District Court's order was not a final, appealable order under 28 U.S.C. § 158, we must dismiss this appeal for lack of appellate jurisdiction.

**I**

Appellee-Debtor Lawrence E. Feldman and his wife Robyn Feldman filed for Chapter 7 bankruptcy in February 2013 in United States Bankruptcy Court for the Eastern District of Pennsylvania. The Feldmans listed in their bankruptcy petition a debt of $407,433.76 owed to Appellant-Creditor American Asset Finance, LLC ("AAF"). This debt represented a judgment obtained by AAF against Mr. Feldman in 2012 in New Jersey state court. In May 2013, AAF filed an adversary complaint with the Bankruptcy Court, objecting to the discharge of the debt under 11 U.S.C. § 523. After the Bankruptcy Court dismissed AAF's original complaint without prejudice, AAF filed an amended adversary complaint in November 2013, again objecting to the discharge of the debt under 11 U.S.C. § 523. Mr. Feldman answered the complaint, and AAF filed a motion for summary judgment.

The Bankruptcy Court granted summary judgment for AAF in July 2014, finding that the New Jersey judgment collaterally estopped Mr. Feldman from arguing that his debt to AAF was non-dischargeable under 11 U.S.C. § 523. Mr. Feldman appealed the

2

Bankruptcy Court's decision to the United States District Court for the Eastern District of Pennsylvania.

The District Court, in July 2015, found that collateral estoppel did *not* apply to the New Jersey judgment, vacated the Bankruptcy Court's summary judgment opinion, and remanded the case to the Bankruptcy Court for further proceedings. AAF appealed the District Court's order to this Court in January 2016, contending that the District Court incorrectly decided the collateral estoppel issue.

**II**

Before reaching the merits of the collateral estoppel issue presented on appeal, we must decide whether, pursuant to 28 U.S.C. § 158(d), we have jurisdiction to hear this appeal of the District Court's order.[1] "To determine whether we have appellate jurisdiction over a district court's order in a bankruptcy proceeding, our approach has been to first examine whether the underlying bankruptcy court order is final. If it is, we then examine whether the district court's order is final or appealable." *In re Truong*, 513 F.3d 91, 93 (3d Cir. 2008) (per curiam). There is no dispute in this case that the Bankruptcy Court order awarding summary judgment was an appealable order. The parties dispute instead whether the District Court's order vacating the Bankruptcy Court's summary judgment decision was a final, appealable order under 28 U.S.C. § 158(d).

---

[1] Section 158(d) grants jurisdiction in bankruptcy cases to courts of appeals in order to review "final decisions, judgments, orders, and decrees" entered by the district courts. 28 U.S.C. § 158(d). Section 158(a) grants the district courts jurisdiction to hear appeals from final orders of the bankruptcy courts. 28 U.S.C. § 158(a).

3

Generally speaking, the concept of finality is more "relaxed" in the bankruptcy context than in other types of civil litigation. *Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'Ship IV*, 229 F.3d 245, 249-50 (3d Cir. 2000). This broader and more flexible interpretation of finality, our Court has explained, better accommodates the pragmatic considerations that are unique to bankruptcy law, which typically involves protracted litigation by multiple parties with different claims. *Truong*, 513 F.3d at 93-94. "But '[d]espite th[e] relaxed view of finality in the bankruptcy setting as a whole, the general antipathy toward piecemeal appeals still prevails in individual adversary actions.'" *Id.* (quoting *In re Natale*, 295 F.3d 375, 378-79 (3d Cir. 2002)). Accordingly, "an order in an individual adversary proceeding" should be viewed like an order in any other "routine" civil proceeding, in that it "is not final unless it 'ends the litigation on the merits and leaves *nothing more* for the court to do but execute the judgment.'" *Id.* (quoting *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996) (emphasis added)). In other words, "[o]rders that do not fully adjudicate [the] specific adversary proceeding or that require further factual development are governed by the ordinary finality precepts of routine civil litigation." *Id.* (quoting *United States v. Nicolet, Inc.*, 857 F.2d 202, 206-07 (3d Cir. 1988)).

Here, the District Court's order did not fully and finally resolve AAF's adversary proceeding against Mr. Feldman. As Mr. Feldman points out in his briefing, the District Court's remand to the Bankruptcy Court demands significantly more of the Bankruptcy Court than executing a judgment or completing ministerial tasks. The Bankruptcy Court must determine on the merits, through additional fact-finding, whether Mr. Feldman's

4

failure to pay its full debt to AAF was "willful and malicious" and thus non-dischargeable under 11 U.S.C. § 523(a)(6).[2]  Therefore, we hold that we do not have appellate jurisdiction at this juncture.

## III

Because the District Court's order here was not a final order pursuant to 28 U.S.C. § 158(d), this appeal will be dismissed for lack of appellate jurisdiction.

---

[2] AAF does not challenge Mr. Feldman's assessment of the Bankruptcy Court's duties on remand.