**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1676
_____

MARIE L. CHAVANNES,
Debtor


FIRST AMERICAN TITLE INSURANCE CO

v.

MARIE L. CHAVANNES, a/k/a MARIE L. COMOND;
MARVIN COMOND

Marvin Comond, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-16-cv-03761)
District Judge: Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2018

Before: SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: April 13, 2018)

## OPINION[*]

PER CURIAM

In May 2013, in the Supreme Court of New York, Kings County, First American Title Insurance Company ("First American") won a judgment against Marie Chavannes and her son, Marvin Comond, related to a forgery on a power of attorney that allowed Chavannes to fraudulently convey property. Chavannes took an appeal and sought to stay the judgment. Also, in September 2013, Chavannes filed a voluntary Chapter 13 bankruptcy petition in the Bankruptcy Court for the Eastern District of Pennsylvania. (The case was later converted to a Chapter 7 proceeding.) First American prevailed in an adversary action (E.D. Bankr. No. 14-429) to declare the New York judgment non-dischargeable.

Subsequently, First American filed a second adversary action (E.D. Bankr. No. 15-438), claiming that Chavannes and Comond had violated the automatic stay by filing a motion in the New York proceeding. On June 23, 2016, the Bankruptcy Court dismissed the second adversary action on the motion of Chavannes and Comond. On June 24, 2016, the Bankruptcy Court vacated its order (after noting that the allegations were sufficient to proceed), denied a pending motion for summary judgment filed by First

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

American, and scheduled the matter for trial.[1]  Comond unsuccessfully sought reconsideration and then took an appeal of the June 24, 2016 order to the District Court.

In the District Court, First American filed a motion to dismiss the appeal on the basis that the challenged order was interlocutory and not immediately appealable.  First American also filed a motion for monetary sanctions pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure and to enjoin future filings by Comond and Chavannes absent leave of court ("motion for sanctions and to enjoin").  First American claimed that Comond and Chavannes had filed nine appeals related to the bankruptcy proceedings, most of which had been dismissed as untimely (though one order was affirmed).  First American further contended that at least five were appeals from interlocutory orders that were not immediately appealable.  In light of the appeals and what First American termed the "repeated relitigation of issues related to the Judgment in the face of Orders that conclusively establish the validity and non-dischargeability of the Judgment," Motion for sanctions and to enjoin, p. 9, First American called for the entry of an injunction after Chavannes and Comond had an opportunity to be heard.[2]  First American also argued that monetary sanctions were appropriate because Comond persisted in bringing his appeal after First American notified him that the matter was not immediately appealable.

_____

[1] At the time that this appeal was briefed, the trial had not been held.

[2] First American noted that the Bankruptcy Court granted its motion to preclude Chavannes from litigating issues addressed in the state case, denied Chavannes's motion to void the judgment, and dismissed a counterclaim that sought to challenge the judgment.

3

Comond opposed the motion to dismiss, arguing that the District Court could hear the matter under the collateral order doctrine and listing legal issues that the District Court should resolve before the Bankruptcy Court proceeded. He also filed a brief in support of his appeal, in which he did not address the request for sanctions and an injunction, but in which he argued why the adversary complaint should have been dismissed against him. In response, First American again argued that the appeal should be dismissed as an interlocutory appeal brought without leave; First American also stated that the challenged decision was correct because the complaint stated a claim upon which relief could be granted. In his reply, in addition to presenting other arguments, Comond noted that it was his first appeal and took issue with First American's reliance on appeals brought in the main bankruptcy action to which he was not a party.

The District Court dismissed the appeal on the grounds that Comond had brought an appeal from an interlocutory order that was not immediately appealable. The District Court then granted in part and denied in part First American's motion for sanctions and a filing injunction. The District Court noted that "Appellants have had and declined an opportunity to respond," and stated that the appeal is clearly interlocutory and "follows a series of untimely and frivolous appeals in the same bankruptcy matter." The District Court acknowledged that Comond was not a party to the previous appeals but noted that there was "ample indication" of his involvement in his mother's appeals. The District Court declined to award monetary sanctions but prohibited Comond and Chavannes "from filing any further appeals from the bankruptcy action (bankruptcy case number 13-

4

18075 and any related adversary actions involving Appellee First American Title Insurance Company) without first obtaining leave of the Court." Order of Mar. 9, 2017, p. 2. To obtain leave, Comond and Chavannes were directed to file a motion in the District Court indicating that the appeal was timely, meritorious, related to a final order, and otherwise legally and procedurally compliant.

Comond appeals. In his brief, he challenges the dismissal of the appeal as well as the imposition of the filing injunction. First American opposes his arguments and presents a motion to supplement the appendix, which we construe additionally as motion to expand the record because First American asks us to consider, inter alia, a motion filed in the New York action. Comond opposes First American's motion and moves to strike Volume II of the supplemental appendix that was provisionally submitted.

We do not have jurisdiction to review the District Court's order insomuch as it disposed of an interlocutory order of the Bankruptcy Court. Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals from final orders and some interlocutory orders of a bankruptcy court. This Court has jurisdiction over appeals from "all final decisions, judgments, orders, and decrees entered under [§ 158(a)]." In re Truong, 513 F.3d 91, 93 (3d Cir. 2008) (quoting 28 U.S.C. § 158(d)). However, the jurisdictional grant of § 158(d) does not extend to the review of "the district court's disposition of an appeal from a purely interlocutory order of the bankruptcy judge." Id. (citation and quotation marks omitted). The order vacating an order dismissing a complaint, denying First American's motion for summary judgment, and scheduling the matter for trial was

5

not a final order.[3] See In re Owens Corning, 419 F.3d 195, 203 (3d. Cir 2005) (describing considerations for when to exercise jurisdiction over a bankruptcy appeal); In re Natale, 295 F.3d 375, 378-79 (3d Cir. 2002) (explaining that despite the "relaxed view of finality in the bankruptcy setting" [see, e.g., In re Marvel Entm't Group, Inc., 140 F.3d 463, 470 (3d Cir. 1998)], there is a "general antipathy toward piecemeal appeals . . . [that] still prevails in individual adversary actions"). For these reasons, we will dismiss the appeal in part.

We do have jurisdiction to consider the injunction that the District Court entered on First American's motion. See 28 U.S.C. § 1292(a)(1). Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. See Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989); In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). However, a district court must comply with certain requirements in imposing a filing injunction. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). First, a district court "should not restrict a litigant from filing claims absent exigent circumstances," such as continuous abuse of the judicial process through the filing of meritless and repetitive actions. Id. The district court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." Id. And any injunction must be "narrowly tailored to fit the circumstances of the case before the District Court."

---

[3] And, as the District Court noted, no leave to appeal had been granted such that it could exercise jurisdiction under § 158(a) over the interlocutory appeal.

6

Id.

Upon review, we conclude that we must vacate the filing injunction. Exigent circumstances do not exist to support the injunction, at least not against Comond. As Comond stresses, First American acknowledges, and the District Court itself noted, Comond was not a party to any prior appeals brought by his mother, Chavannes. Of the appeals First American lists, Comond brought only the one that led to this appeal. His one District Court appeal cannot serve as the basis for a filing injunction. We note that it is not clear whether exigent circumstances would support the filing injunction against Chavannes, either. Chavannes was represented by counsel in several of the prior appeals, and most of those appeals were dismissed as untimely. While there is a suggestion that Chavannes and Comond are doggedly fighting First American, the record is not well-developed as it relates to the underlying merit of the previous appeals.[4] Missing a deadline or bringing a procedurally deficient appeal is different from repeatedly pursuing a frivolous claim. Litigiousness alone does not support the imposition of a filing injunction. In re Oliver, 682 F.2d at 446.

Regardless of the existence of exigent circumstances, there is also a question of notice. The District Court itself did not provide notice to Comond or Chavannes before entering the filing injunction. That *may* be sufficient as to Comond because First

---

[4] And while some of Chavannes's and Comond's legal maneuvering may be in opposition to the state court judgment, that judgment itself has been the subject of a pending appeal. Furthermore, while they filed for bankruptcy, First American filed the two adversary actions.

American's motion (with its detailed request and description of appropriate authority) put him on notice. See Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334-35 (2d Cir. 1999) (holding that a motion describing the sanctionable conduct and the source of authority for the sanction provided notice, especially where a district court focused the issues in a preliminary order); cf. Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (concluding that a motion with a more general request was insufficient to give notice). However, even if the motion provided Comond adequate notice, see Brow, 994 F.2d at 1038 (stating that the *District Court* must give notice, but citing Gagliardi, which arguably suggests that an appropriate motion could give notice, see supra), such that a show cause order from the District Court instead of, or in addition to, the motion was not necessary, the motion did not provide notice to Chavannes because she was not a party to the appeal. In the Bankruptcy Court, Comond and Chavannes sought to have the complaint dismissed (they both signed the document pro se). However, Comond alone sought reconsideration and took the appeal to the District Court. Although Chavannes is listed on the District Court docket, she did not sign the notice of appeal or otherwise participate in the appeal; the brief, the motions, and other documents were submitted by Comond alone. Furthermore, to the extent that she was listed as a party on the docket, she was listed as represented by counsel, but First American served the motion on her personally.

Lastly, even if there were exigent circumstances and adequate notice as to both Comond and Chavannes, the breadth of the injunction would give us pause. Comond and

Chavannes were "prohibited from filing any further appeals from the bankruptcy action [the main case and the two adversary actions]" absent leave of the District Court. First American argues that the injunction was narrowly tailored because it was limited to appeals relating to three cases. And it is possible that the District Court intended to limit the scope to appeals to the District Court. However, the term "any further appeals" was not limited to appeals relating to those three matters in the District Court; to the extent that the injunction can be interpreted more broadly to encompass appeals to this Court, its scope is problematic. See Sieverding v. Colo. Bar Ass'n, 469 F.3d 1340, 1344 (10th Cir. 2006) ("[W]e note that the district court's broad order . . . fails to include an exception for filings in the federal appellate courts. This was error. It is unreasonable for the District of Colorado to attempt to limit access to this court or any other court of appeal. We are capable of deciding if filing restrictions are appropriate in this court.")

In sum, to the extent that Comond challenges the ruling on an interlocutory order of the Bankruptcy Court, we lack jurisdiction over this matter, and we will dismiss this appeal. Otherwise, we will vacate the District Court's order imposing a filing injunction and remand this matter to the District Court.[5]

---

[5] We also will deny First American's request to expand the record. While First American contends that the New York motion would aid our understanding of the issues on appeal, we consider the District Court's ruling on the record before the District Court. To the extent that First American wishes to supplement the appendix with documents that were filed in the District Court, the motion to supplement is granted. We deny Comond's motion to strike Volume II of the supplemental appendix.