**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1038 & 22-3021 (consolidated)
_____

IN RE:  JEFFREY W. SMILES,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 5:21-cv-05130 & 5:22-cv-00991)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 11, 2023

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 19, 2023)
_____

OPINION[*]
_____

PER CURIAM

In these consolidated cases, pro se litigant Jeffrey Smiles challenges the District

Court's decisions dismissing his two appeals from the United States Bankruptcy Court

for the Eastern District of Pennsylvania.  The District Court dismissed the first appeal for

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

non-compliance with Federal Rule of Bankruptcy Procedure 8009, and it dismissed the second appeal for failure to prosecute. For the reasons that follow, we will vacate both of the District Court's decisions, and we will remand for further proceedings.

I.

In 2021, Smiles filed in the Bankruptcy Court a Chapter 7 petition and an application to waive the Chapter 7 filing fee. The Bankruptcy Court denied the application, ordered Smiles to pay the filing fee in installments, and later denied his motion for reconsideration. Smiles then appealed to the District Court, challenging the Bankruptcy Court's order denying reconsideration.

About a month later, on December 22, 2021, a letter from the Bankruptcy Court Clerk to the District Court Clerk was entered on the District Court's docket. That letter indicated that Smiles had not filed a designation of the record on appeal. That same day, the District Court dismissed the appeal based on Smiles's non-compliance with Rule 8009, which provides that the appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A).[1] Smiles then appealed from the District Court's dismissal order, and our Clerk docketed this appeal at C.A. No. 22-1038. We will refer to this appeal as "Appeal I."

---

[1] The designation and statement must be filed and served within 14 days after (1) "the appellant's notice of appeal as of right becomes effective under Rule 8002," or (2) "an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1)(B).

2

Next, in March 2022, the Bankruptcy Court dismissed Smiles's Chapter 7 petition due to his failure to make the filing-fee installment payments. He then filed in the Bankruptcy Court a notice of appeal challenging that dismissal, as well as a motion to proceed in forma pauperis ("IFP") in that appeal. After the Bankruptcy Court denied the IFP motion, the District Court, on April 7, 2022, entered an order stating "that if Mr. Smiles intends to proceed with this case, then on or before April 29, 2022, he must pay the required filing fee." (Dist. Ct. Order entered Apr. 7, 2022, in Case No. 5:22-cv-00991.) On April 28, 2022, Smiles filed a motion for reconsideration, which, inter alia, asked the District Court to consider the IFP motion that he had filed in the Bankruptcy Court. On May 9, 2022, the District Court denied reconsideration, but it also stated that, "[t]o the extent Mr. Smiles intended to ask this Court to permit him to proceed with his appeal IFP, then Mr. Smiles must make that request via motion, consistent with Federal Rule of Civil Procedure 7(b)(1) and 28 U.S.C. § 1915." (Dist. Ct. Order at 3, entered May 9, 2022, in Case No. 5:22-cv-00991.) The District Court's May 9 order did not set a deadline for filing an IFP motion.

After the District Court entered its May 9 order, the Chief District Judge reassigned Smiles's second appeal to the District Judge who had dismissed his first appeal. Next, on May 25, 2022, the District Court directed Smiles to pay the filing fee for the second appeal by June 17, 2022, noting that he had not paid that fee or filed an IFP motion in that court. On June 17, 2022, Smiles moved the District Court to vacate its May 25 order, averring as follows. On May 4, 2022, he contracted pneumonia and went

into respiratory failure.[2]  An ambulance took him to the hospital, where he remained until being discharged to a nursing facility for rehabilitation on May 13, 2022.  He was discharged from the nursing facility on June 3, 2022, to begin in-home therapy, and he "has only recently been able to review mail."  (Docket Entry # 9, at 2, in Case No. 5:22-cv-00991.)[3]  Because he "was incapacitated and unable to receive or answer mail for a prolonged time," he asked the District Court to vacate its May 25 order "so that he can submit the necessary documents needed to continue his Appeal."  (Id. at 2-3.)

On June 29, 2022, the District Court denied in part and granted in part Smiles's motion to vacate.  Specifically, the District Court (1) denied the motion to the extent that it sought to set vacate the May 25 order, and (2) granted the motion "[t]o the extent the Motion requests an extension to pay the filing fee."  (Dist. Ct. Order, at 2, entered June 29, 2022, in Case No. 5:22-cv-00991.)  The June 29 order noted that Smiles's failure to pay the fee by August 1, 2022, "will result in dismissal of this case without further notice for failure to prosecute."  (Id.)

On July 29, 2022, Smiles filed an IFP motion in the District Court.[4]  Thereafter, the District Court did not rule on, or otherwise address, that motion.  Instead, on

_____

[2] Smiles is 68 years old.

[3] Smiles attached to his motion to vacate a letter from the nursing facility's social services director, who confirmed the information about Smiles's admission to the hospital and subsequent treatment at the nursing facility.

[4] That motion listed the Bankruptcy Court in the case caption, but the body of the motion indicated that he was moving the "U.S. District Court" to proceed IFP on appeal.  (See Docket Entry # 11, at 2, in Case No. 5:22-cv-00991.)

September 29, 2022, the District Court entered a one-sentence order dismissing Smiles's second appeal without prejudice for failure to prosecute "pursuant to the Court's June 29, 2022 Order." (Dist. Ct. Order entered Sept. 29, 2022, in Case No. 5:22-cv-00991.) Smiles then filed another notice of appeal, this time challenging the District Court's September 29 order. The Clerk docketed this new appeal at C.A. No. 22-3021 (hereinafter "Appeal II") and consolidated it with Appeal I for disposition.

II.

The District Court had jurisdiction in Smiles's two appeals pursuant to 28 U.S.C. § 158(a)(1).[5] We have jurisdiction over them pursuant to 28 U.S.C. §§ 158(d)(1) and 1291.[6] We review the District Court's dismissal orders for abuse of discretion. See

[5] A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). For purpose of appellate review, "final" orders include those that fall within the scope of the collateral-order doctrine. See In re Grand Jury, 705 F.3d 133, 144 (3d Cir. 2012) (explaining that the collateral-order doctrine "provides that there is a small class of collateral rulings that, although they do not terminate the litigation, are appropriately deemed final under [28 U.S.C.] § 1291"); see also In re Sacred Heart Hosp. of Norristown, 133 F.3d 237, 241 (3d Cir. 1998) (applying the collateral-order doctrine in the bankruptcy-appeal context). Here, the Bankruptcy Court's order denying Smiles's motion to reconsider its denial of his application to waive the filing fee qualified as an immediately appealable collateral order. Cf. Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc) (holding that a district court order denying leave to proceed IFP falls within the scope of the collateral-order doctrine). See generally In re Truong, 513 F.3d 91, 93 (3d Cir. 2008) (per curiam) ("Considerations unique to bankruptcy appeals have led us to construe the factor of finality broadly in the bankruptcy context.").

[6] As indicated above, the District Court dismissed Smiles's second appeal for failure to prosecute based on his failure to pay the filing fee, and it made that ruling without addressing his IFP motion or indicating that he could reopen that appeal by filing a new IFP motion. Although that dismissal order was "without prejudice," it nevertheless qualifies as a final, appealable order under § 1291. Cf. Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003) (per curiam) (concluding that order dismissing case without prejudice

5

Davis v. Samuels, 962 F.3d 105, 116 n.13 (3d Cir. 2020) ("We review dismissals for failure to prosecute or to comply with a court order for abuse of discretion."); Jewelcor Inc. v. Asia Com. Co., 11 F.3d 394, 396-97 (3d Cir. 1993) (reviewing for abuse of discretion district court order dismissing bankruptcy appeal based on the appellant's failure to comply with the Federal Rules of Bankruptcy Procedure).

III.[7]

We begin our review with Appeal I.  When an appellant in a bankruptcy case "fail[s] to take any step other than the timely filing of a notice of appeal," that failure "does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."  Fed. R. Bankr. P. 8003(a)(2).  Although a district court, as a general matter, has discretion to dismiss an appeal under those circumstances, "[n]ot every failure to follow procedural rules mandates dismissal of the appeal," In re Comer, 716 F.2d 168, 177 (3d Cir. 1983), and "we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable," Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984); cf. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (setting forth several factors for a district court to consider before dismissing a case as a sanction).

In Appeal I, the District Court, acting sua sponte, dismissed Smiles's bankruptcy

was a final, appealable order because "it terminated the action and precluded Redmond from proceeding IFP"); Wynder v. McMahon, 360 F.3d 73, 75-76 (2d Cir. 2004) (concluding that without-prejudice dismissal for failure to prosecute was a final, appealable order).

[7] Judge Phipps does not join this section of the opinion.

6

appeal based on his failure to comply with Rule 8009. But the District Court did so without first affording Smiles an opportunity to explain the reason(s) for his non-compliance. Cf. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) ("[W]e hold that the District Court should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte."). Furthermore, the District Court did not provide any explanation for why it chose the sanction of dismissal over some lesser sanction. Without such an explanation, we are unable to determine whether the District Court's decision to dismiss was a proper use of its discretion. Cf. Jewelcor Inc., 11 F.3d at 397 ("We review a dismissal for failure to prosecute only for an abuse of discretion, but the district court must have considered less severe sanctions."); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) ("In order that we may properly exercise our function of reviewing for abuse of discretion, we have . . . required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal.").

In view of the above, we will vacate the District Court's December 22, 2021 order in Appeal I and remand the matter for further proceedings. On remand, the District Court should, after giving Smiles an opportunity to respond, explain whether dismissal is appropriate under the circumstances of this case.

## IV.

We now turn to Appeal II. The District Court's September 29, 2022 order dismissed Smiles's second bankruptcy appeal for failure to prosecute because he had not paid the filing fee. But that one-sentence order did not address important developments

that preceded its entry. Specifically, that order did not mention the District Court's May 9, 2022 order, which indicated that Smiles could file an IFP motion and set no deadline for filing that motion.[8] Nor did the September 29 order address Smiles's efforts, both before and after the May 9 order, to move the case forward by obtaining the District Court's permission to proceed IFP. Recall that, in April 2022, Smiles asked the District Court to consider the IFP motion that he had filed in the Bankruptcy Court. In June 2022, after spending about a month between a hospital and a nursing facility recovering from pneumonia and respiratory failure, Smiles indicated that he wanted to "submit the necessary documents needed to continue his Appeal." (Docket Entry # 9, at 3, in Case No. 5:22-cv-00991.) And in July 2022, he filed his IFP motion in the District Court.

Because the District Court's September 29 order did not consider Smiles's IFP motion or otherwise address any of the developments noted above before dismissing the appeal for failure to prosecute, we cannot conclude that its decision to dismiss constituted a proper use of its discretion. Accordingly, we will vacate the District Court's September 29 order and remand so that the District Court can decide whether to grant Smiles's IFP motion.

V.

In sum, we will vacate both the District Court's December 22, 2021 order in Appeal I and its September 29, 2022 order in Appeal II, and we will remand these cases to the District Court for further proceedings consistent with this opinion.

---

[8] None of the District Court's subsequent orders vacated its May 9 order or explicitly stated that Smiles was now prohibited from moving to proceed IFP.